DELLA HOWARD, petitioner-appellant,

*v.*

CASE ROWLAND HOWARD, defendant-respondent.

[Argued February 4th, 1944.   Decided April 13th, 1944.]

*Messrs. Randall & Freeman,* for the appellant.

*Mr. Case Rowland Howard, pro se,* for the respondent.

The opinion of the court was delivered by

RAFFERTY, J.

This appeal is from a decree of dismissal of a petition for divorce filed by the wife on the ground of the husband's alleged desertion.

The parties were married in 1922. The wife testified that in August, 1935, the husband went "To Canada, presumably, to visit his mother, and I think he did. I expected he was going for a vacation, and you might say he went with—well, not my permission, but I was agreeable to it, anyway, because I thought he might be gone three weeks or a month, something like that, because he was in the habit of visiting his mother, but this time he stayed until December 31st, 1937. Two years and several months, at one continuous time."

Upon his return he came to the house occupied by the wife and lived there, but, she testified, they occupied separate bedrooms and there was no resumption of marital relations. Thereafter the husband would absent himself for varying periods:

"*Q.* Sometimes he went for how long? *A.* Several months. Four, five, six months.

"*Q.* This last time how long has he been gone? *A.* He has been gone since last August. He came back last night. [November 29th, 1942.]

"*Q.* Has this absence been against your wishes? *A.* Of course. I can't say it has this last time, but the time before, because I made up my mind I am just indifferent to it. But before that I wanted him to be doing something constructively. I tried to do my part."

The husband, appearing *pro se,* and referring to the period between August, 1935, and December, 1937, on cross-examination asked the wife:

"* * * and I asked you different times during that period to come stay with me in Canada? *A.* Perhaps you did, but I knew you weren't working and I was and I was providing for myself and had no way of providing for myself in Canada and you couldn't either."

Asked as to whether the husband had advised her that he had obtained employment in Canada and that he had requested her to come there to live with him, she answered:

"I heard you say something about it but no definite proof of it was given to me."

Queried further,

"*Q.* Did you not write me a letter saying you did not want to come back to Canada? *A.* My preference was to live here —all my family live here."

The wife admitted also that since December 31st, 1937, she occupied the same bed with her husband on several occasions in New Jersey and in Canada but denied there was any cohabitation between them.

It is apparent from the foregoing recital that there is a substantial failure of proof of the necessary elements of the

alleged desertion required by the statute, *R. S. 2:50–3.* Admittedly the wife was agreeable that her husband should go to Canada in August, 1935. His departure was not against her will. Nor is there any suggestion that he left with the purpose of deserting the wife, or that he thereafter came to that purpose. Nor does his conduct spell out an intention to desert. It is a fair inference that the husband habitually and with her assent was away from the society of his wife for long periods. The only distinguishing feature of the period laid in the petition filed herein was its unusual extent. Indeed, the wife admitted that she was aware that her husband had obtained employment in Canada and that he had asked her to come there and that she refused to join him because she feared he could not support her and because, also, her preference was to live here.

It is the duty of the wife to live with her husband at his home and to give him her services and society. *Fallon* v. *Fallon, 111 N. J. Eq. 512, 515,* and cases there cited. Nothing satisfactorily appears in this case which would excuse petitioner from this duty.

To justify a decree of divorce for desertion under our statute the guilt of the offending party must be satisfied by clear and satisfactory proof. *Rogers* v. *Rogers, 81 N. J. Eq. 479, 483.* We conclude that the offered proofs in this case fall far short of that requirement.

It is suggested that the wife declined to join her husband in Canada because he was unable to provide for her either in this state or in Canada. This, however, is not ground for divorce under our law.

In this disposition of the matter it is unnecessary to refer to the factor of condonation mentioned by the learned Advisory Master. The decree appealed from is affirmed, for the reasons here stated.

*For reversal*—None.